IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KEITH THOMPSON                                                                                    PLAINTIFF

v.                                        No. 4:10CV02007 JLH

AIR TRANSPORT INTERNATIONAL
LIMITED LIABILITY COMPANY                                                         DEFENDANT

**OPINION AND ORDER**

Keith Thompson commenced this action in the Circuit Court of Pulaski County, Arkansas, alleging that Air Transport International Limited Liability Company discharged him in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101 *et seq*. Air Transport International removed the action to this Court pursuant to 28 U.S.C. § 1441(a) on the ground that this Court has subject matter jurisdiction over the FMLA claim pursuant to 28 U.S.C. § 1331. Air Transport International has now moved to dismiss the action on the ground that a collective bargaining agreement provides that the disputes at issue must be submitted to arbitration and on the ground that Thompson's claims are preempted by the Railway Labor Act, 45 U.S.C. §§ 151-188.

Thompson was a pilot for Air Transport International from September 20, 1993, until May 1, 2009. Thompson became ill and was hospitalized in early 2009. He required surgery and missed approximately eight weeks of work. He gave timely and proper notice of his need for leave and informed Air Transport International that he was hospitalized. Thompson alleges, however, that Air Transport International failed to give him notice of his rights under the FMLA. According to the complaint, Thompson recovered and returned to work but was terminated after about twelve hours of flight time for allegedly failing to follow an aircraft operational or maintenance procedure.

Thompson alleges that similarly situated individuals who have not taken FMLA leave or have not requested FMLA leave have not been terminated under the same or similar circumstances. He alleges that he was discharged in retaliation for exercising his rights under the FMLA. For his claim under the Arkansas Civil Rights Act, he alleges that he was forced to identify himself as a person with a disability, which he contends is an activity protected under the Arkansas Civil Rights Act, and he was then discharged for identifying himself as a person with a disability.

While Thompson was employed by Air Transport International, the pilots were represented by the International Brotherhood of Teamsters, Airline Division, and Thompson was a member of that union. The union and Air Transport International entered into a collective bargaining agreement that remained in effect through the time that Thompson was terminated form his employment with Air Transport International. The collective bargaining agreement states in its first sentence that it is "made and entered into in accordance with the provisions of the Railway Labor Act, as amended."[1] The collective bargaining agreement includes sections providing for grievance procedures and arbitration. It also includes the following section:

> Y.    *Equal Employment Opportunity*
>
> 1.    The Company provides equal opportunity for all Crewmembers and makes employment decisions without regard to race, religion, color, age, sex, national origin, disability or any other status protected by applicable federal, state or local law.
>
> 2.    It is understood by the Union and each Crewmember whose wages, hours and other terms and conditions of employment as set forth in this Collective Bargaining Agreement who are within the scope of the bargaining unit as described by the National Mediation Board, that claims of discrimination

---

[1] The Railway Labor Act establishes arbitration mechanisms for railroads and railroad workers. It was amended in 1936 to include the airline industry. Those amendments are codified at 45 U.S.C. §§ 181-188.

>
> arising within the employment relationship between the Company and the Crewmembers, whether such claims are made under the collective bargaining agreement or in state or federal court and alleged to be violations of state or federal law such as Title VII of the Civil Rights Act as amended, Age Discrimination in Employment Act, Americans with Disabilities Act, state or federal common law or any other duty or obligation of any kind or description whether express or implied are to be addressed, resolved and finalized solely under Section V – Grievance and/or VI – Arbitration of this Agreement as by the terms of the Collective Bargaining each Crewmember waives each and every cause of action and remedies provided under these statutes and common law frameworks.
>
> 3. The Arbitrator is permitted to exercise his/her discretion to address questions of law, the issuance of subpoena(s) and allow reasonable prehearing discovery should a claim arise under paragraph W. and/or X. above.
>
> 4. During the proceeding before the Arbitrator, the Crewmember may be represented by counsel of his/her choice at his/her expense.
>
> 5. The Arbitrator will issue conclusions of law in a written arbitration award as to claims arising under paragraph W. and X. above.

As Air Transport International argues, these provisions of the collective bargaining agreement are broad enough to encompass the claims asserted by Thompson in this action. As Air Transport International also argues, the Supreme Court compelled a union employee to arbitrate employment discrimination claims pursuant to an arbitration provision in the collective bargaining action in *14 Penn Plaza, LLC v. Pyett*, 129 S. Ct. 1456 (2009), which involved a claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. A collective bargaining agreement provided that claims of discrimination in employment, including ADEA claims, were subject to the grievance and arbitration procedures of the collective bargaining agreement as the sole and exclusive remedy for violations. *Id*. at 1461. The Supreme Court held that the collective bargaining agreement's arbitration provision "must be honored unless the ADEA itself removes this particular class of grievances from" the sweep of the National Labor Relations Act, which governed

the labor relations in that instance. *Id*. at 1465. The Court found nothing in the ADEA to preclude arbitration. *Id*.

Nothing in the FMLA or the Arkansas Civil Rights Act precludes claims for violation of those statutory provisions from being subjected to arbitration through collective bargaining agreements or other employment contracts. Indeed, numerous courts have required the arbitration of FMLA claims. *See Jann v. Interplastic Corp.*, 631 F. Supp. 2d 1161, 1164 (D. Minn. 2009) (collecting cases compelling arbitration of FMLA claims). One such case is *McNamara v. Yellow Transp., Inc.*, 570 F.3d 950, 956-57 (8th Cir. 2009), where the Eighth Circuit ordered arbitration of an FMLA claim. Cases have also held that parties asserting claims under the Arkansas Civil Rights Act could be compelled to arbitrate those claims pursuant to arbitration provisions in contracts. *See A.G. Edwards & Sons, Inc. v. Myrick*, 88 Ark. App. 125, 195 S.W.3d 388 (2004); *Hughes v. Wet Seal Retail, Inc.*, 2010 WL 4750216 (W.D. Ark., November 16, 2010).

The only argument that Thompson makes in response is that the arbitration provision is unenforceable because it purports to have employees waive their rights under the FMLA, which he says violates 29 C.F.R. § 825.220(d). Section 825.220(d) provides that employees cannot waive, nor may employers induce their employees to waive, their prospective rights under the FMLA. The equal employment opportunity provision of the collective bargaining agreement does not, however, provide that employees' substantive rights under the anti-discrimination laws are waived. That provision guarantees the substantive rights granted in anti-discrimination statutes but provides that recourse for violation of those rights is provided through arbitration, not litigation.

In *14 Penn Plaza*, the court addressed this very issue stating: "The decision to resolve ADEA claims by way of arbitration instead of litigation does not waive the statutory right to be free from

workplace age discrimination; it waives only the right to seek relief from a court in the first instance." *14 Penn Plaza*, 129 S. Ct. at 1469. *Jann* reached the same conclusion, specifically addressing the argument that 29 C.F.R. § 825.220(d) precludes employees from waiving their FMLA claims. In *Jann*, the court held that individuals may be required to arbitrate FMLA claims, notwithstanding the text of section 825.220(d), citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S. Ct. 1647, 114 L. Ed. 2d 26 (1991). *See Jann*, 631 F. Supp. 2d at 1164-66. If it were true that the collective bargaining agreement required employees to waive their rights to be free from discrimination in the workplace, the provision so stating would be unenforceable, but no provision in the collective bargaining agreement imposes such a requirement. The rights that employees have under the anti-discrimination laws remain intact, but those rights are to be enforced through arbitration rather than through litigation.

Air Transport International also argues that the matters raised by Thompson in his complaint will require interpretation of the collective bargaining agreement so that, even apart from the arbitration provision in the agreement, this dispute is preempted by the Railway Labor Act. *See Deford v. Soo Line R. Co.*, 867 F.2d 1080, 1085-88 (8th Cir. 1989). In view of the Court's finding that the equal opportunity provision of the collective bargaining agreement requires arbitration of this dispute, it is unnecessary for the Court to decide the issue of whether the Railway Labor Act requires arbitration apart from the arbitration clause in the agreement.

As a part of a collective bargaining agreement in accordance with the provisions of the Railway Labor Act, the parties have agreed that claims of violations of anti-discrimination laws, such as the FMLA and the Arkansas Civil Rights Act, must be resolved through the grievance and

arbitration procedures in the collective bargaining agreement.  Therefore, this action must be dismissed.

For the reasons stated, this action is dismissed.

IT IS SO ORDERED this 25th day of January, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE